Eva Jo Allpress, Appellant,

*v.*

Lawyers Title Insurance Corporation,
Appellee.

405 S.W.2d 572.

(*Nashville,* December Term, 1965)

Opinion filed July 15, 1966.

Richard H. Frank, Jr., Nashville, for appellant.

Ross V. Dunn, Nashville, for appellee.

674

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Davidson County, Tennessee. On March 4, 1965, complainant below, appellant here, filed her original bill in the Chancery Court, seeking to hold Lawyers Title Insurance Corporation, defendant below, appellee here, liable under a title insurance policy issued to appellant by appellee. It appears from the original bill and exhibits thereto that the Grahams, the next-door neighbors of the appellant, had previously filed suit in the Chancery Court of Davidson County, claiming that an easement existed upon the property of the appellant, for use as a driveway by the occupants of the house next door to that which appellant occupied, and upon which the title insurance policy had been issued by the appellee. This original bill alleges that the appellee was timely notified of the action thus brought against the appellant, but refused to defend the same. The original bill specifically alleged that an accurate survey of the premises covered by the title policy would not have revealed the existence of the alleged easement. The title policy included an exception from

coverage to the effect that it did not cover defects which an accurate survey would have disclosed. The allegation last mentioned above was obviously directed to such exclusion. Appellant alleged damages in the amount of $1,500.00; and, as some proof thereof, attached as an exhibit to the original bill a copy of the decree in the Chancery Court action brought by Graham against appellant, which awarded Graham a judgment by way of compromise and settlement.

On March 30, 1965, the appellee filed a demurrer containing two grounds (1) that the policy filed as an exhibit specifically excluded from coverage losses resulting from ''such state of facts as an accurate survey would disclose''; and (2) that the decree of the Chancery Court in the Graham case showed that the claim against the appellant had been compromised and settled, and that this constituted a release from liability under the title policy.

On January 11, 1966, the Chancellor entered a final decree sustaining appellee's demurrer. It does not specifically appear whether the Chancellor sustained one or both grounds of such demurrer. Appeal has been perfected to this Court.

The appellant assigns error as follows:

## ''I.

The Honorable Chancellor below erred in sustaining defendant's demurrer to appellant's complaint on the first ground of said demurrer, namely that, as a matter of law, the exclusionary clause in said policy excluding coverage against 'such state of facts as an accurate survey would disclose', barred appellant's recovery against the company despite the factual aver-

ment in her complaint that an accurate survey of the premises would not have disclosed said defect.

## II.

The Honorable Chancellor below erred in sustaining defendant's demurrer to appellant's complaint on the ground that, after a demand upon the insurance company to enter and defend appellant under the policy of insurance had been refused by appellee and appellee had denied liability under the policy, appellant had entered into an order compromising and settling the litigation against her.''

The pivotal question before this Court is whether or not the Chancellor properly sustained the appellee's demurrer upon either ground thereof.

The first ground of demurrer was, as stated earlier, that the exhibit to the original bill showed, as a matter of law, that the exclusionary clause in said policy barred appellant's recovery. It is quite pertinent to note here that it is explicitly alleged in the original bill that an accurate survey would not have revealed the easement for a driveway, which gave rise to the cause of action by Graham against the appellant. It seems quite clear to us that whether or not an accurate survey would have revealed this easement is a question of fact, requiring proof. Since it is specifically alleged in the original bill that an accurate survey would not have revealed the stated facts, it must necessarily follow that the demurrer could not properly be sustained on this basis.

We say this because this demurrer was not a proper one—for it speaks. Gibson's Suits in Chancery (5th Ed.) Vol. 1, p. 358 (Sec. 314) makes it clear that a demurrer must not speak; and that the first ground of demurrer in this case is a speaking demurrer:

"A demurrer must not speak.—From what has been said as to the nature and office of a demurrer, it is clear that it can lie only for objections apparent upon the face of the bill itself, either from the matter inserted, or omitted, or from defects in the frame thereof. A demurrer cannot, therefore, state what does not appear from the face of the bill, otherwise it would be what has been emphatically called a speaking demurrer, that is, a demurrer wherein a new fact is introduced in order to support it. Thus, for example, where a bill was filed to specifically enforce a contract for the sale of land, without stating whether it was in writing or not, a demurrer to the effect that the complainant was not entitled to relief sought because the contract was not in writing and the presumption being, on demurrer, that it was in writing."

Thus it is that we must sustain appellant's first assignment of error.

■ This leaves for consideration appellee's second ground of demurrer; that is, that appellant compromised and settled the claims against her and that this constituted a release of any obligation of appellee for indemnity under the title policy. We find nothing in the title policy which says that, once the insurance company has been notified of the claim against the insured, and refuses to defend or settle such claim, that the appellant insured cannot settle the claim. No contention is made in this record that the settlement made by appellant with Graham was not a reasonable one. The general insuring clause of the policy obligates the insurance company to pay "all loss or damage not exceeding $8,750.00 which they or any of them shall sustain by reason of any defect or defects in the title of the insured to the estate or

interest of the insured covered by this policy.'' This language is obviously broad enough to cover the loss sustained in this case, nothing more appearing. The policy does contain a provision that the insurance company must be given the opportunity to defend or settle any claims; but it does not expressly exclude the right of the insured to proceed with compromise and settlement when the insured denies any liability. The original bill avers, in specific terms, that the opportunity was provided the insurer by the appellant, and was rejected by the insurance company. Neither counsel nor this Court, in its independent investigation, has found any direct precedent in Tennessee. The authorities generally, however, seem clear. In 49 A.L.R.2d 702, we find the following:

"A different situation exists, however, where the insurer refuses to defend an action against the insured based on a claim actually within the coverage of the policy because of its erroneous assumption that such claim is outside policy coverage. Such a refusal, even though based on an honest mistake of the insurer, constitutes an unjustified refusal and renders the insurer liable for breach of its contract. Thus, all the cases agree that where it is the insurer's duty to defend and the insurer wrongfully refuses to do so on the ground that the claim upon which the action against the insured is based is not within the coverage of the policy, the insurer is guilty of a breach of contract rendering it liable for all damages resulting to the insured as a result of such breach. This general principle is the accepted basis for all the specific claims made against the insurer by the insured and it has been expressed by the courts of various jurisdictions in more or less identical language.''

In this same annotation, at page 703, concerning the liability of an insurer who wrongfully refuses to defend on the basis that the claim or action against the insured is not within the coverage of the policy, it is further said:

"Specifically, it has been held that an insurer cannot breach his contract by unjustifiably refusing to defend the action and, at the same time, take advantage of a policy provision prohibiting the insured from settling any claims except at his own cost, without the consent of the insurer."

A clear analogy is found in 7 Am.Jur.2d 480 (Automobile Insurance, Sec. 152). It is there said:

"Also, where the insurer abandons its obligation to defend a suit against the insured, it cannot defeat a recovery for money paid by the insured in settlement of the claim on the ground that it was paid in compromise without a judgment, whereas the contract provides for recovery only when the payment is in satisfaction of a judgment. And where the insured settles a claim upon which no action has been brought after the insurer has incorrectly denied liability on the ground that the claim is not within the policy coverage, the automobile liability insurer will be held liable."

It thus appears to us that appellee's second ground of demurrer is likewise without merit.

The final decree of the Chancellor, sustaining appellee's demurrer, is reversed; and the cause is remanded for further proceedings not inconsistent with this opinion. The costs in this Court are assessed against appellee.

BURNETT, CHIEF JUSTICE and WHITE, DYER and CHATTIN, JUSTICES, concur.